## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **WYANDOTTE NATION,** | ) | |
| **a federally-recognized** | ) | |
| **Indian tribe,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **CIVIL ACTION** |
| | ) | |
| **v.** | ) | **Case No. 11-CV-2656-JAR-DJW** |
| | ) | |
| **KENNETH L. SALAZAR,** | ) | |
| **in his official capacity as Secretary** | ) | |
| **of the United States Department of** | ) | |
| **the Interior,** | ) | |
| | ) | |
| **Defendant,** | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **STATE OF KANSAS,** *ex rel.* | ) | |
| **Derek Schmidt, Attorney General** | ) | |
| | ) | |
| **Intervening Defendant.** | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the State of Kansas' Motion to Intervene ("Motion") (ECF No. 7). Defendant Kenneth L. Salazar, in his official capacity as Secretary of the United States Department of the Interior ("Department"), does not oppose the Motion. Plaintiff Wyandotte Nation ("Wyandotte"), a federally-recognized Indian tribe, opposes the Motion. For the reasons set forth below, the Motion is granted.

**I.       Background**

On July 26, 2011, Wyandotte initiated this action challenging the Department's failure to accept title to a tract of land known as the "Park City Tract" into a trust created for Wyandotte's

benefit as allegedly required by the Land Claim Settlement Act ("PL 602").[1]  PL 602 provides a mechanism to satisfy certain judgments entered by the Indian Claims Commission in favor of Wyandotte against the United States.  Specifically, PL 602 provides "for the use and distribution of certain funds awarded the Wyandotte Tribe of Oklahoma," and, among other things, mandated that a "sum of $100,000 . . . shall be used for the purchase of real property which shall be held in trust by the Secretary [of the Interior] for the benefit of [the] Tribe" ("PL 602 Funds").[2]

Wyandotte alleges that, on November 25, 1992, it purchased the Park City Tract, a tract of land in Park City, Kansas, with PL 602 Funds.  On January 21, 1993, Wyandotte then submitted an application requesting that the Department take the Park City Tract into trust pursuant to PL 602.  This request was transmitted from a Department field office to the Washington, D.C. office for further review on February 19, 1993.  But the Department never took any action on the request.

In 1995, Wyandotte states that it purchased a second tract of land with the PL 602 Funds in Kansas City, Kansas ("Shriner Tract") and requested that the Department accept that tract of land into trust.  In 1996, the Department accepted the Shriner Tract of land into trust, and approved gaming activities on that property under the Indian Gaming Regulatory Act ("IGRA").[3] After approximately five years of litigation, the Tenth Circuit concluded that the Department acted arbitrarily in determining whether only PL 602 Funds were used to purchase the Shriner

---

[1] Pub. L. No. 98-602.

[2] *Id.* §§ 101(b); 105(b)(1).

[3] 25. U.S.C. § 2701, *et seq.  See also Sac & Fox Nation of Mo. v. Babbitt*, 92 F. Supp. 2d 1124 (D. Kan. 2000), *aff'd in part, rev'd in part and remanded sub nom Sac & Fox Nation of Mo. v. Norton*, 240 F.3d 1250 (10th Cir. 2001).

Tract and also erred in approving gaming activities on the land.[4]   The Tenth Circuit then remanded the matter to the Department for reconsideration of Wyandotte's original request regarding the Shriner Tract.

Following remand, in 2002, the Department determined that the Shriner Tract was purchased with PL 602 Funds and affirmed its decision to accept the property in trust. Wyandotte then began operating gaming facilities on the site.  From 2002 to 2010, Wyandotte, Kansas and other Indian tribes have engaged in extensive litigation surrounding the Shriner Tract and Wyandotte's ability to open a gaming facility on that land.  Indeed, the Department's decision to accept the Shriner Tract into trust, and Wyandotte's decision to operate a gaming facility on the site spawned multiple lawsuits.  On April 13, 2006, and during the litigation regarding the Shriner Tract, Wyandotte resubmitted its application to have the Park City Tract purchased in 1992 taken into trust pursuant to PL 602.  Like the Shriner Tract, Wyandotte intends to operate a gaming facility on the Park City Tract.[5]   But the Department has not yet acted on Wyandotte's revived application.

In its lawsuit against the Department, Wyandotte alleges that "despite [Wyandotte's] repeated requests and its undeniable need for prompt action, the Secretary [of the Interior] has refused to act on the Park City Land trust acquisition, to provide any reasonable explanation for his delay, or even to specify a date by which he will act."[6]   Consequently, Wyandotte filed this lawsuit on July 26, 2011, seeking a writ of mandamus pursuant to 28 U.S.C. § 1361 to compel the Department to accept trust title to the Park City Tract (Count I); a finding that the

---

[4] *See Sac & Fox Nation*, 240 F.3d at 1253.

[5] *See* ECF No. 6, Ex. C.

[6] Compl. ¶ 31.

Department violated the Administrative Procedure Act[7] (Count II); and a determination that the Department breached trust obligations owed to Wyandotte (Count III).[8]  The Complaint was filed in the United States District Court for the District of Columbia.

On September 9, 2011, before filing an Answer, the Department moved to transfer this case, pursuant to 28 U.S.C. § 1404(a), to this Court.  While the Motion to Transfer (ECF No. 6) was pending, on September 20, 2011, Kansas filed the pending Motion.  On November 22, 2011, the United States District Court for the District of Columbia granted the Department's Motion to Transfer the case to this Court and, because the motion to transfer was granted, the court withheld any judgment on Kansas' Motion (ECF No. 17).  This Court has reviewed the briefing on the current Motion and is prepared to rule.

## II.    Summary of the Parties' Arguments

### 1.    Kansas' Arguments

Kansas argues that it should be permitted to intervene as a matter of right under Rule 24(a) of the Federal Rules of Civil Procedure.   Kansas asserts that it meets all of the requirements for intervention as of right under Rule 24(a).  First, Kansas argues that its Motion was timely filed because it was filed before any significant action had been taken in the case and granting the Motion would not prejudice the other parties.  Kansas additionally argues that it has two significant, protectable interests that warrant intervention as of right.  The first interest that Kansas contends is at stake in this matter is its sovereign interest in exercising power over the individuals and land within its geographic boundaries.  Kansas notes that if the Park City Tract is

---

[7] 5 U.S.C. § 701, *et seq.*

[8] Compl. ¶¶ 33–50.

taken into trust, it will lose its authority to enforce state laws on that tract of land, including labor laws, liquor laws, sales taxes, and health and safety laws.

The second protected interest that Kansas claims is affected by this litigation is their competitive and economic interest in preventing the Park City Tract from being taken into trust by the Secretary.  Under the IGRA, Wyandotte will be able to conduct gaming activities on the Park City Tract only if the Department takes title to the tract in trust.[9]  Moreover, Wyandotte has expressed its intention to conduct gaming facilities on the Park City Tract.[10]  Kansas recently began granting permits to a limited number of casinos to be built and operated in the state.  One of the state-sanctioned casinos ("Mulvane Casino") is located near Mulvane, Kansas, which is approximately twenty-five miles from the Park City Tract.  Although Kansas has granted a third party the right to operate the Mulvane Casino, Kansas is entitled to a percentage of the revenue it generates and anticipates an increase in tax revenue once it is operational.  Kansas has calculated that it would lose more than $23 million annually if Wyandotte constructs and operates a casino on the Park City Tract.  Thus, Kansas argues that it has a significant and legally protected economic and competitive interest in this matter because its outcome will likely control whether Wyandotte may proceed to establish a gaming facility on the Park City Tract.

Kansas also argues that once its legally-protected, significant interests are established, it follows that its ability to protect these interests will be impaired if it is denied intervention. Because Kansas would lose its ability to enforce its laws on the Park City Tract if Wyandotte is successful in this action, Kansas asserts that its significant interest in maintaining sovereignty over the Park City Tract could be impaired by the outcome of this mater.  Kansas argues that the

---

[9] *See* 25 U.S.C. § 2710(b)(1); 25 U.S.C. § 2703(4).

[10] ECF No. 6-4.

removal of land within its territorial boundaries from state control, as would happen if Wyandotte prevails in this matter to compel the Department to take the Park City Tract into trust, constitutes a significant impairment of its right as a sovereign state.  Further, Kansas argues that their economic and competitive interests in the gaming industry near the Park City Tract could be impacted by the outcome of this matter.  Specifically, Kansas alleges that its financial interest in the Mulvane Casino will be directly impaired if Wyandotte prevails in the present action.  If Wyandotte prevails and the Department is forced to take the land into trust, Kansas argues, Wyandotte would then be able to pursue its stated goal of opening a gaming facility on the Park City Tract that would directly compete with, and negatively impact, the state's financial and competitive interest in the Mulvane Casino.

Kansas also argues that its interests are not adequately represented by the parties to this litigation.  Stressing the minimal requirements of this inquiry, Kansas asserts that the Department does not share its interests in exercising sovereignty over the Park City Tract or its economic and competitive interests in preventing a gaming facility from competing with the Mulvane Casino.  Because the Department does not share either of Kansas' purported interests in the outcome of the litigation, Kansas argues that its interests would be inadequately protected by the Department.

Finally, Kansas argues that it satisfies all standing requirements under Article III of the United States Constitution and any prudential standing considerations.  Kansas alleges that its interest in this matter satisfies the three-pronged inquiry for Article III standing, which requires (1) injury-in-fact, (2) causation, and (3) redressability.  The injury-in-fact requirement is allegedly satisfied by Kansas' interests that purportedly justify intervention as of right.  Kansas' right to taxing and regulatory authority over land within its borders and its economic and

competitive interests in the Mulvane Casino would be injured if Wyandotte prevails in this matter. Kansas argues that the causation element of standing is satisfied because the merits of this case involve whether the Department must take the Park City Tract into trust. If the Park City Tract is taken into trust, Kansas argues, it will cause the alleged injury to Kansas' sovereign and economic rights. Kansas also argues that it satisfies the redressability requirement for standing because a favorable disposition of this matter would prevent the Park City Tract from being taken into trust. Kansas asserts that if the land is not taken into trust, both of its purported interests would be protected. Lastly, Kansas argues that there are no prudential standing considerations that should bar its intervention in this matter. Although Kansas alleges that prudential standing may not even be an appropriate inquiry for analyzing intervention as of right, it asserts that prudential considerations should not prevent its intervention because the ultimate outcome of this matter is clearly within its zone of interest. Because Kansas asserts a protectable legal interest closely related to the outcome of this matter, it argues that it falls within the prudential zone of interest test and that no prudential considerations bar its intervention.

In conclusion, Kansas argues that they should be allowed to intervene as of right under Rule 24(a) because its motion is timely, it has legally-protected and significant interests in the outcome of the litigation, its interests could be impaired by this action, its interests are not adequately represented by a party to the action, and it satisfies any standing requirements for intervention as of right. Because all of these factors are satisfied, Kansas' argument concludes, it is entitled to intervene as of right in this matter under Rule 24(a).

In the alternative, if intervention as a matter of right is denied by this Court, Kansas argues that it should be allowed to permissively intervene under Rule 24(b) of the Federal Rules of Civil Procedure. Kansas argues that it should be granted permissive intervention because it

meets any jurisdiction requirements, filed a timely motion and has a claim or defense that involves a common question of law or fact with the present matter.

2.      **Wyandotte's Arguments**

Wyandotte opposes Kansas' Motion, arguing that neither intervention as a matter of right nor permissive intervention should be granted in this matter.  Wyandotte asserts that Kansas' Motion should be denied primarily because this matter involves the narrow issue of whether the Department must take the Park City Tract into trust and Kansas has no legally protected interest in the outcome of this action.  Wyandotte concludes that granting Kansas' Motion would invite the re-litigation of issues settled in prior cases and the interjection of irrelevant issues. Accordingly, Wyandotte urges the Court to deny Kansas' Motion in its entirety.

Wyandotte argues that Kansas should be denied intervention as of right because it does not have a legally cognizable interest that could be impaired by this matter.  Wyandotte describes this case simply, concerning only whether the Department has failed to satisfy its legally-required obligation, as established in prior litigation, to take the Park City Tract into trust because it was purchased with PL 602 funds.  Because this matter deals only with this narrow issue, Wyandotte's argument continues, Kansas has no legally protected interest in its outcome. Wyandotte argues that Kansas' purported interests in the outcome of this matter are not legally protected because PL 602 imposes a mandatory duty on the Department to take the land into trust.  Wyandotte asserts that this mandatory duty was established in prior litigation, and any arguments that Kansas might raise against it are barred by *res judicata* or claim preclusion. Consequently, Wyandotte contends that any right Kansas might have in the litigation is not legally protected.  Therefore, intervention as a matter of right should be denied.

Wyandotte also asserts that Kansas does not have Article III standing for intervention in this matter.  Wyandotte argues that Kansas lacks Article III standing because a favorable decision would not redress Kansas' alleged injury because the counter-claims and cross-claims contained in its proposed answer are allegedly barred by *res judicata*.  Consequently, Wyandotte concludes, Kansas lacks Article III standing for intervention.

Wyandotte also opposes Kansas' Motion for permissive intervention.  Wyandotte urges the Court to reject Kansas' alternative request for permissive intervention because granting permissive intervention would unduly delay or prejudice the existing parties in violation of Rule 24(b)(3).[11]  Because Wyandotte alleges that Kansas intends to raise issues and claims that have already been decided and are irrelevant to the determination of this action, they urge the Court to reject Kansas' request for permissive intervention due to the mandatory considerations in Rule 24(b)(3).  Wyandotte argues that Kansas has raised these issues in past litigation, and permitting intervention for it to do so again will defeat the purpose of permissive intervention.  Consequently, Wyandotte argues that permissive intervention should be denied.

### 3.	Department's Arguments

Defendant Department does not oppose Kansas' Motion.  But the Department does not concede this Court's jurisdiction to hear the counter-claims and cross-claims contained in Kansas' proposed Answer.

### III.	Discussion

### 1.	Intervention As  Of Right

Rule 24(a) of the Federal Rules of Civil Procedure requires that "[o]n timely motion, the court must permit anyone to intervene who claims an interest relating to the property or

---

[11] *See* Fed. R. Civ. P. 24(b)(3) ("In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights.")

transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest unless existing parties adequately represent that interest."[12]  The United States Court of Appeals for the Tenth Circuit closely follows the explicit requirements of Rule 24(a) when deciding whether to permit an intervention as of right.[13]  The standard in the Tenth Circuit is that a movant is entitled "to intervene as of right if: (1) the movant claims an interest relating to the property or transaction that is subject of the action; (2) the disposition of the litigation may, as a practical matter, impair or impede the movant's interest; and (3) the existing parties do not adequately represent the movant's interest."[14]  The Tenth Circuit has held that the "factors are not rigid, technical requirements," but are meant to "capture the circumstances in which the practical effect on the prospective intervenor justifies its participation in the litigation."[15]  Nonetheless, "[f]ailure to satisfy any one of these requirements is a sufficient ground to deny the application," and accordingly, Kansas must demonstrate that it satisfies all of the elements required for intervention as of right.[16]  With this standard in mind, the Court will address each factor for intervention as of right.

---

[12] Fed. R. Civ. P. 24(a).

[13]  In addition to the factors enunciated in the Tenth Circuit, some circuits, including the District of Columbia Circuit, have required that an intervenor have standing under Article III of the United States Constitution and prudential standing in accordance with standards developed by the courts.

[14] *WildEarth Guardians v. Nat'l Park Serv.*, 604 F.3d 1192, 1198 (10th Cir. 2010).

[15] *San Juan Cnty. v. United States*, 503 F.3d 1163, 1195 (10th Cir. 2007) (en banc).

[16] *Koch v. Koch Indus., Inc.*, 6 F. Supp. 2d 1185, 1188 (D. Kan. 1998) (internal quotations omitted).

**A.     Timeliness**

The first requirement for intervention as of right is that the motion to intervene be timely.[17]  Rule 24 does not impose an actual time limit for the filing of a motion to intervene, but instead permits a district court to exercise its discretion in determining timeliness.[18]  A decision by the Court granting Kansas's Motion at this point in the litigation would not prejudice the parties or waste judicial resources. Furthermore, neither party here disputes Kansas's Motion was timely.  Accordingly, the Court finds that the Motion was timely filed.

**B.     The Intervenor's Interest**

Whether the party seeking intervention has an interest relating to the litigation is a broad inquiry, requiring the Court to assess only "the practical effect of the litigation" on the movant's interest.[19] The assessment is inclusive, and the Court should permit the involvement of "as many apparently concerned persons as is compatible with efficiency."[20] Under the practical impact assessment, the movant's relationship with the property or transaction that is the subject of the action is determinative.[21]   While other Circuits require the movant have a "direct, substantial, and legally protectable" (DSL) interest, the Tenth Circuit's emphasis on the practical effect of intervention includes interests broader than—but often inclusive of—DSL interests.[22]   Although the Tenth Circuit has held that "an interest that clearly satisfies all [of the DSL] conditions would

---

[17] *See* Fed. R. Civ. P. 24(a) (requiring that motions to intervene be "timely").

[18] *Wyandotte Nation v. City of Kan. City*, 200 F. Supp. 2d 1279, 1287 (D. Kan. 2002).

[19] *San Juan Cnty.*, 503 F.3d at 1193.

[20] *Id.* at 1195.

[21] *WildEarth Guardians*, 604 F.3d at 1198.

[22] *San Juan Cnty.*, 503 F.3d at 1193.

likely justify intervention,"[23] it is clear that "other interests may also suffice."[24]   Therefore, intervention as of right under Rule 24(a) "requires courts to exercise judgment based on the specific circumstances of the case."[25]   Accordingly, the Court must balance the strength of the moving party's purported interest and the risk that it could be adversely affected by the litigation with the potential for undue delay, inefficiency or prejudice to the current parties.[26]

The Court finds that Kansas' asserted interest in exercising sovereignty over people and land that are physically located within its territory constitutes a legally protectable interest justifying intervention as of right.   It is undisputed that the Park City Tract is wholly within Kansas' territorial boundaries and that the state currently has sovereignty over it, including taxing, regulatory and legal authority.   Although never specifically addressed in this context, the Supreme Court has recognized that states have an important interest in sovereignty over territory within the state's boundaries.[27]   This recognized interest must not be ignored in the context of Rule 24.   In light of the Tenth Circuit's practical impact inquiry regarding a movant's purported interest, moreover, it is abundantly clear that Kansas has an interest in the outcome of this litigation.   Under the specific facts of this case, Kansas has an important relationship with the Park City Tract because it currently has regulatory and taxing authority over it.   The practical impact of this litigation could be to decimate Kansas' sovereign interest over the Park City Tract entirely.   While this interest would almost certainly meet the DSL standard applicable in other

---

[23] *Id*. at 1194.

[24] *Id.* at 1195.

[25] *Id.* at 1199 (citing *Utah Ass'n of Counties v. Clinton*, 255 F.3d 1246, 1251 (10th Cir. 2001).

[26] *See id.*

[27] *See Alford L. Snapp & Son, Inc. v. Puerto Rico*, 458 U.S. 592, 601–04 (1982) (discussing a state's interest in exercising sovereignty over territory within its boundaries).

circuits, it clearly satisfies the practical impact requirements of the Tenth Circuit.  Moreover, Wyandotte has failed to show that granting Kansas' Motion would be unduly prejudicial. Although Wyandotte asserts that any claims Kansas might raise are barred by *res judicata*, a conclusory statement about Kansas' intentions is insufficient to establish that unfair prejudice outweighs Kansas' interest in this litigation.  Accordingly, the Court is satisfied that Kansas has an interest in the outcome of the litigation that is sufficient to support intervention as a matter of right.

The Court concludes that Kansas' interest in exercising sovereignty over people and land within its territorial boundaries constitutes a significant and legally protectable interest.  Thus, the Court need not consider whether Kansas' alleged interest in preventing the establishment of a casino that would compete with the state-operated casino in which Kansas has an economic interest would similarly constitute a legally protectable and significant interest that could justify intervention as of right.  Accordingly, the Court expresses no opinion as to whether Kansas' purported economic and competitive interests in a casino are sufficient to justify intervention under Rule 24(a).

## C.       Impairment of Interest

Whether the interest of the party seeking intervention as of right may be impaired by the litigation is a minimal burden, requiring a showing only that denial of intervention could possibly impair a substantial legal interest.[28]  The court may consider any legal impairment— analysis is not restricted to "a rigid *res judicata* test."[29]  The *stare decisis* effect of an adverse

---

[28] *WildEarth Guardians*, 604 F.3d at 1199

[29] Coal. of Ariz./N.M. Counties for Stable Economic Growth v. Dep't of Interior, 100 F.3d 837, 841 (10th Cir. 1996).

judgment is a sufficient impairment for intervention as of right.[30]   Moreover, an alleged impairment or impediment of a legal interest "need not be 'of a strictly legal nature.'"[31]  Interest and impairment are not independent elements, and strong interests require less potential impairment than uncertain interests, which must show a more significant potential impairment.[32]

The Court is satisfied that Kansas has met its minimal burden of showing the potential that its interest in exercising sovereignty over the Park City Tract may be impaired if intervention is denied.  It is not necessary to show that Kansas' rights are guaranteed to be impaired by the litigation, and it is irrelevant that impairment may not occur even if Wyandotte prevails.[33]  Kansas satisfies the burden of showing the potential for impairment because if this Court grants the relief requested by Wyandotte, Kansas' interest—sovereignty over the Park City Tract—will be terminated when the Department takes the land into trust.  Consequently, Kansas' protected interest is at the center of this action.  As discussed above, moreover, Kansas' interest in sovereignty is a strong interest.  Because the requested relief would completely destroy Kansas' important legal interest, Kansas has demonstrated that a significant impairment of that interest could result from this action.  Accordingly, Kansas satisfies the impairment of interest requirement for intervention as of right under Rule 24.

---

[30] *Id.* at 844.

[31] *Id.* (quoting *Natural Res. Def. Council, Inc. v. U.S. Nuclear Regulatory Comm'n*, 578 F.2d 1341, 1345 (10th Cir. 1978)).

[32] *San Juan Cnty.*, 503 F.3d at 1195.  *See also Fed. Deposit Ins. Corp. v. Jennings*, 816 F.2d 1488, 1492 (10th Cir. 1987) (interest and impairment are intertwined ).

[33] *Id.* at 1200.

D.      **Adequacy of Representation**

Having found that Kansas has articulated a legally protected right that could be impaired by the outcome of the litigation, the Court must consider whether Kansas' interests are adequately represented by an existing party.  This too is a minimal burden, requiring the movant to show only the possibility that the representation may be inadequate.[34]  The Court thus must examine "the posture of the parties currently in the lawsuit."[35]  The party seeking intervention may show inadequacy of representation if there is a "divergence of interest" between the movant and its purported representative.[36]  Moreover, although the burden to demonstrate a divergence of interest is on the movant, "the possibility of divergence need not be great."[37]  Showing that the ostensible representative will fail to represent the movant's interest may justify intervention.[38]  Representation of the movant's interest is adequate, however, "'when the objective of the applicant for intervention is identical to that of one of the parties.'"[39]

No party to this action can or will adequately represent Kansas' significant interest in the matter.  Clearly, Wyandotte's interest in having the Park City Tract taken into trust, thus removing it from Kansas' jurisdiction, is in direct conflict with Kansas' interest in the land.  The

---

[34] *WildEarth Guardians*, 604 F.3d at 1199.  *See also Trbovich v. United Mine Workers of Am.*, 404 U.S. 528 538 n.10 (1972) ("The requirement of the Rule is satisfied if the applicant shows that representation of his interest 'may be' inadequate; and the burden of making that showing should be treated as minimal.") (citations omitted).

[35] *Wyandotte Nation*, 200 F. Supp. 2d at 1288.

[36] *See Natural Resources Def. Council*, 578 F.2d at 1346.

[37] *Id.*

[38] *See Sanguine, Ltd. v. U.S. Dep't of Interior*, 736 F.2d 1416, 1419 (10th Cir. 1984).

[39] *City of Stilwell v. Ozarks Rural Elec. Coop.*, 79 F.3d 1038, 1042 (10th Cir. 1996) (quoting *Bottoms v. Dresser Indus., Inc.*, 797 F.2d 869, 872 (10th Cir. 1986)).

Court is additionally satisfied that the Department will not adequately represent Kansas' interests in this litigation.  Kansas has met the minimal burden of demonstrating a divergence of interest between it and the Department.  Unlike Kansas, the Department has no interest in the exercise of sovereignty over the people and land within the boundaries of the state.  In addition to the Department's lack of an identical interest with Kansas, there is a great potential for a divergence of interest in this case.  Unlike Kansas' interest in protecting its taxing and regulatory authority over land and people within its territory, the Department's interest in this case is discharging its statutory and policy-related duties as established by Congress.  Kansas will likely oppose Wyandotte's action to have the Park City Tract taken into trust regardless of the Department's policy position, which very well could change with respect to the land at issue.  This would create an obvious and not unlikely divergence of interest.  Although the Department is currently opposing Wyandotte's action to have the land taken into trust, it is clearly doing so for reasons entirely unrelated to Kansas' interest in exercising sovereignty over the Park City Tract. Because the possibility of divergence need not be great under this liberal standard, Kansas has satisfied the Court that there is a strong likelihood that neither Wyandotte nor the Department can or will adequately represent its interest.

**E.     Standing**

In addressing whether Article III standing must be established by a party seeking to intervene in a matter, "circuit courts . . . have reached different results."[40]  But in the Tenth Circuit, parties seeking to intervene as of right need not show independent Article III standing "so long as another party with constitutional standing on the same side as the intervenor remains

---

[40] *San Juan Cnty. v. United States*, 420 F.3d 1197, 1204 (10th Cir. 2005).

in the case."[41]   Furthermore, the Tenth Circuit has never used prudential standing concerns to deny a party's motion to intervene.   Although the parties briefed the issue of standing in accordance with the law in the District of Columbia Circuit, this Court will not consider standing because it is not a prerequisite for intervention in the Tenth Circuit.   Accordingly, as long as a party with constitutional standing remains in the case on the same side as Kansas, Kansas satisfies any standing requirements for intervention under Rule 24.

**F.      Conclusion on Intervention as of Right**

For the foregoing reasons, Kansas satisfies all of the elements required for intervention as of right under Rule 24(a) and established Tenth Circuit precedent.   Accordingly, its Motion is granted.

**2.      Permissive Intervention**

In the alternative to intervention as of right under Rule 24(a), Kansas requests that this Court grant it permissive intervention under Rule 24(b).   Because the Court grants Kansas' Motion with respect to intervention as of right, it does not reach the issue of whether Kansas should be allowed to permissively intervene.

**IT IS THEREFORE ORDERED** that Kansas' Motion to Intervene (ECF No. 7) is granted.

**IT IS SO ORDERED.**

Dated in Kansas City, Kansas, on this 11th day of April, 2012.

s/ David J. Waxse
David J. Waxse
United States Magistrate Judge

cc:      All counsel

---

[41] *San Juan Cnty.*, 503 F.3d at 1172.