UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| WYANDOTTE NATION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 11-2656-JAR-DJW |
| | ) |
| KENNETH L. SALAZAR, in his official | ) |
| capacity as Secretary of the United States | ) |
| Department of the Interior, | ) |
| | ) |
| Defendant, | ) |
| | ) |
| and | ) |
| | ) |
| STATE OF KANSAS, ex rel. | ) |
| DEREK SCHMIDT, Attorney General, | ) |
| | ) |
| Intervening Defendant. | ) |

## ORDER DIRECTING SUPPLEMENTAL BRIEFING

Plaintiff Wyandotte Nation, a federally recognized Indian tribe ("the Nation"), filed this lawsuit against Kenneth Salazar, Secretary of the United States Department of the Interior ("the Secretary"), seeking an order from this Court compelling the Secretary to comply with his mandatory duty to accept title to certain land and hold it in trust for the Nation's benefit, as specifically required by Public Law 98-602, 98 Stat. 3149 (1984) ("P.L. 98-602"). The State of Kansas ("the State") was permitted to intervene as of right under Fed. R. Civ. P. 24(a) (Doc. 41) and in its Answer, brought counterclaims against the Nation and cross-claims against the Secretary. This matter is before the Court on the Nation and the Secretary's Motions to Dismiss the State's claims for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) (Docs. 45, 47).

In its cross-claim, the State seeks declaratory relief and an injunction prohibiting the Secretary from acquiring the Park City Land in trust.  The Secretary moves for dismissal of the State's cross-claim because the State has failed to identify an applicable waiver of sovereign immunity or establish that it has standing under Article III of the Constitution, and thus this Court lacks subject matter jurisdiction.  The State counters that this Court has supplemental jurisdiction over the cross-claim under 28 U.S.C. § 1367, and that dismissal of its cross-claim would "irretrievably impair" the State's rights "if this Court proceeds to address the substantive merits of the Plaintiff's claims," because once the Park City Land is acquired into trust, the Quiet Title Act's Indian lands exception preserves the United States' immunity from suit, and it may or will lose the opportunity of judicial review if the land is taken into trust.

On June 18, 2012, after the parties' submissions were under advisement, the Supreme Court issued its opinion in *Match-E-Be-Nash-She-Wish Band of Pottawatomi Indians v. Patchak*,[1] which addresses the question of whether suits challenging the United States' acquisition of land in trust for Indian tribes **after** the United States acquires title are actions under the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 *et seq.* or the Quiet Title Act ("QTA"), 28 U.S.C. § 2409a, abrogating the Tenth Circuit's decision holding that the United States has immunity from such suits.[2]  Accordingly, the Court directs the Secretary and the State to submit supplemental briefs addressing the impact of *Patchak* on the subject matter jurisdiction

---

[1] —S. Ct. —, 2012 WL 2202936 (June 18, 2012).

[2] *See Neighbors for Rational Dev., Inc. v. Norton*, 379 F.3d 956, 961-62 (10th Cir. 2004); *see also Gov. of Kan. v. Kempthorne*, 516 F.3d 833, 843 (10th Cir. 2008) (following *Neighbors*, *id.*).

issues raised in the Secretary's motion to dismiss and the State's response thereto.[3]  The Secretary's brief shall be filed on or before fourteen (14) days of the date of this Order; the State's response shall be filed within fourteen (14) days thereafter; there will be no reply.

**IT IS SO ORDERED.**

Dated: <u>July 3, 2012</u>

 S/ Julie A. Robinson  
JULIE A. ROBINSON  
UNITED STATES DISTRICT JUDGE

---

[3] The Court does not request supplemental briefing from the Nation on its motion to dismiss, which is premised on the separate issue of tribal sovereign immunity.